IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

     Plaintiff,

v.                                                                                    No. 2:25-cv-01043-KRS

THEODORE MARKOWSKI and
STEPHEN EATON,

     Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 20, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed October 20, 2025 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and her average monthly income amount during the past 12 months is $0.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and Plaintiff has no income.

**Order to Show Cause**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Plaintiff is a party in a state-court case.  *See* Complaint at 3.  Defendant Markowski is a private attorney representing Plaintiff and Defendant Eaton is a guardian ad litem appointed to represent Plaintiff.  *See* Complaint at 3, 9.  Plaintiff alleges Defendants violated her civil rights and violated "the Code of Conduct of Attorneys." Complaint at 3, 7.  Plaintiff seeks monetary damages.  *See* Complaint at 5.

The Court has identified the following deficiency and orders Plaintiff to show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants Markowski and Eaton were acting under color of state law. *See DiCesare v. McAnally*, 657 Fed.Appx. 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Where the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" asks "was this defendant acting under color of state law," Plaintiff checked the "No" boxes. Complaint at 1-2. The Complaint contains conclusory allegations that Defendants violated Plaintiff's rights but does not clearly explain which rights Plaintiff believes they violated. *See* Complaint at 3

If Plaintiff asserts the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983, Plaintiff must file an amended complaint. The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because

the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address

service after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become
> familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local
> Rules of the United States District Court for the District of New Mexico* (the "Local
> Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October

2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil

Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure

interferes with the judicial process and may result in monetary and non-monetary sanctions

including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language

of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been

interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or

comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d

1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of

Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the

Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed October 20, 2025, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 27th day of October, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE