IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

       Plaintiff,

v.                                                                               No. 2:25-cv-01043-SMD-KRS

THEODORE MARKOWSKI and
STEPHEN EATON,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 20, 2025 ("Complaint"). Plaintiff is a party in a state-court case. *See* Complaint at 3. Defendant Markowski is a private attorney representing Plaintiff and Defendant Eaton is a guardian ad litem appointed to represent Plaintiff. *See* Complaint at 3, 9. Plaintiff alleged Defendants violated her civil rights and violated "the Code of Conduct of Attorneys." Complaint at 3, 7. Plaintiff seeks monetary damages. *See* Complaint at 5.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants Markowski and Eaton were acting under color of state law. *See DiCesare v. McAnally*, 657 Fed.Appx. 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Where the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" asks "was this defendant acting under color of state law," Plaintiff checked the "No" boxes. Complaint at 1-2. The Complaint contains conclusory allegations that Defendants violated Plaintiff's rights but does not clearly explain which rights Plaintiff believes they violated. *See* Complaint at 3

Order to Show Cause at 3, Doc. 5, filed October 27, 2025.  Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and to file an amended complaint.  *See* Order to Show Cause at 3, 5.

Plaintiff filed an Amended Complaint but did not file a separate response showing why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983.  *See* Amedment Order Granting Application to Proceed In Forma Pauperis and Order to Show Cause, [sic] Doc. 6, filed November 14, 2025 ("Amended Complaint").  The Amended Complaint contains statements regarding Defendants' alleged misconduct in the state-court proceedings and asserts violations of the United States Constitution, the New Mexico Civil Rights Act, and the New Mexico Family Violence Protection Act.  *See* Amended Complaint at 11-12.  It appears Plaintiff may be asserting claims for "Violation of the Law of the United States in Activity Criminal" based on Defendants' alleged "Fraud to IRS Taxes Reported" and "Laundering Money."  Amended Complaint at 12.

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim.  There are no allegations in the Amended Complaint showing that Defendants were acting under color of state law and Plaintiff has not filed a response showing that the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983.  The Court dismisses Plaintiff's claims based on Defendants' alleged violation of federal criminal statutes for failure to state a claim.  *See Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003) ("[C]riminal statutes do not provide for private civil causes of action").

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction");

*Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

Plaintiff has filed a Motion requesting a jury trial. *See* Plaintiff's Motion to Requesting a Trial with Jury after Defendants Will Continued Harrased and Violated the Civil Rights of Plaintiff, [sic] Doc. 7, filed December 1, 2025. The Court denies the Motion for a jury trial because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion to Requesting a Trial with Jury after Defendants Will Continued Harrased and Violated the Civil Rights of Plaintiff, [sic] Doc. 7, filed December 1, 2025, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**